IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-126-BO

| | |
|---|---|
| JAMES KELLEY d/b/a KELLEY ENGINEERING,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ENVIVA, LP, JOHN KEPPLER, NORB HINTZ,  )<br>ENVIVA PELLETS AHOSKIE, LLC, ENVIVA  )<br>PELLETS NORTHAMPTON, LLC, ENVIVA  )<br>PELLETS SOUTHAMPTON, LLC,  )<br>ENVIVA HOLDINGS, LP, "JOHN DOE"  )<br>CORPORATION(S) AND/OR  )<br>PARTNERSHIP(S),  )<br>)<br>Defendants.  ) | **O R D E R** |

This matter is before the Court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5). [DE 14]. The motion is ripe for adjudication. For the reasons stated herein, defendants' motion is DENIED IN PART and GRANTED IN PART.

## BACKGROUND

Pro se plaintiff, James Kelley, filed a complaint in Onslow County Superior Court on August 12, 2013. Defendants removed the case to this Court on September 11, 2013, and filed a motion to dismiss due to lack of personal jurisdiction, and insufficiency of process and service of process. [*Kelley v. Enviva, LP,* No. 7:13-CV-197-BO (E.D.N.C.)]. After giving plaintiff time to perfect service, the Court dismissed plaintiff's complaint without prejudice on April 1, 2014.

On May 13, 2014, plaintiff filed another complaint against defendants in the Onslow County Superior Court. The 2014 complaint is virtually identical to the 2013 complaint except

that the 2014 complaint names Enviva Holdings as an additional party. Plaintiff served the summonses and complaints by mail. Defendant Hintz received a copy of the summons and complaint on May 17, 2014. On the same date, defendant Keppler received a copy of the complaint and summons naming both Keppler individually and CT Corporation Systems, the registered Virginia agent for Enviva Pellets Southampton (Southampton). On May 20, 2014, CT Corporation, the registered North Carolina agent for Enviva, Enviva Pellets Ahoskie, Enviva Pellets Northampton, and Enviva Holdings, notified Enviva's corporate office that it received plaintiff's complaint and summonses naming these defendants. No process was received by the registered North Carolina agent for Southampton. In the initial filing, plaintiff provided no evidence of return receipt as to any defendant.

Defendants removed the case to this Court on June 12, 2014, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [DE 1]. One week later, defendants filed the instant motion to dismiss or to stay. [DE 14]. In his response, plaintiff attached proofs of service as to all defendants save Southampton, as well as an affidavit from one Martha Kelley, which stated that she personally served defendants with the summons and complaint. [DE 20].

## DISCUSSION

Plaintiff's attempts at service prior to removal of an action are governed by the law and procedural rules of the state under which service is made. *Morton v. Meagher*, 171 F. Supp. 2d 611, 613–14 (E.D. Va. 2001) (citing *Brazell v. Green*, 67 F.3d 293 (4th Cir. Sept. 29, 2995) (unpublished)). Here, plaintiff was required to comply with North Carolina law because this action was originally filed in North Carolina state court. In North Carolina, although defective service of process may give the defending party actual notice of the proceedings, such notice does not give the court jurisdiction. *Fulton v. Mickle*, 518 S.E.2d 518, 521 (N.C.App. 1999).

2

To comply with North Carolina law, "there must be the issuance of summons and service of process by one of the statutorily specified methods." *Agbemavor v. Keteku*, 629 S.E.2d 337, 339 (N.C.App. 2006) (internal citation omitted). Serving process by mail can be accomplished "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering it to the addressee[,]" or by "mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering it to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). Service must be made by someone who "is not less than 21 years of age, who is not a party to the action, and who is not related by blood or marriage to a party to the action . . . .". N.C. Gen. Stat. §1A-1, Rule 4(h)(1). Without proper service, the Court lacks jurisdiction. *See Fulton*, 518 S.E.2d at 519 (requiring "strict compliance" with the requirements of service by mail).

Plaintiff's attempts at service are again deficient. There is no evidence of return receipt for defendant Southampton, despite the fact that plaintiff provided return receipts for all other defendants. [DE 20, ex. 2]. Thus, plaintiff has failed to meet the proper service requirements as to Southampton for the third time.[1] Plaintiff also presented an affidavit from Martha Kelley, who stated that she mailed the summons and complaint to the remaining defendants. [D.E. 20, ex. 3]. Plaintiff has not presented evidence that Ms. Kelley is over the age of 21 and unrelated to plaintiff by blood or marriage.

The Court is inclined to stay this action to allow plaintiff to demonstrate effective service in order to avoid a default ruling, as the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter . . . claims and defenses be disposed of on their merits," and

---

[1] Plaintiff had two opportunities to perfect service against Southampton in the 2013 lawsuit and one chance in this 2014 lawsuit.

3

the FED. R. CIV. P. 4(m) deadline has not passed. *Colleton Preparatory Acad., Inc. v. Hoover* Because defendants removed this case on June 12, 2014, plaintiff has 120 days from that date to obtain or demonstrate effective service on defendants. *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998). Although service has not been perfected yet, 28 U.S.C. § 1448 provides that when service has not been perfected prior to removal, as here, "such service may be completed or new process issued in the same manner as in cases originally filed in such district court." Accordingly, if plaintiff chooses to re-serve the remaining defendants, it must be done in accordance with the Federal Rules of Civil Procedure prior to the 120 day deadline. *Id.* (stating that federal law applies after removal). Given the history of this case and the plethora of issues related to service, plaintiff is put on notice that the Court will carefully scrutinize any requests for extensions pursuant to FED. R. CIV. P. 4(m).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 14] is DENIED IN PART and GRANTED IN PART. This action is STAYED until plaintiff demonstrates or obtains effective service. Nothing in this order prevents defendants from renewing their motion to dismiss at the appropriate time.

SO ORDERED.

This the 27 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4