IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-126-BO

| | |
|---|---|
| JAMES KELLEY d/b/a KELLEY ENGINEERING, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ENVIVA, LP, et al., | )<br>) |
| Defendants. | )<br>) |

**ORDER**

This matter is before the Court on defendant Norb Hintz's motion to dismiss pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(2), (4), and (5) [DE 32], and all defendants' motion to dismiss pursuant to Rule 12(b)(6) [DE 17]. The motions are ripe for adjudication. For the reasons stated herein, both motions are GRANTED.

BACKGROUND

Pro se plaintiff, James Kelley, filed suit against several corporations and two individual employees arising following his termination by Enviva, LP. Plaintiff had a written independent contractor agreement (ICA) for engineering consulting services with Enviva, LP that expired on June 30, 2012, though plaintiff alleges that the parties had always agreed that plaintiff would perform work for Enviva, LP through December 2013. After the written contract's expiration, the parties were unable to negotiate another written employment contract. Both parties agreed, however that plaintiff would continue working for the company. On January 26, 2013, Enviva, LP terminated plaintiff's employment. Plaintiff was paid for work performed through that date. Plaintiff subsequently invoiced Enviva, LP $211, 210.15, a sum comprised of plaintiff's future

pay for the period from February 3, 2013, through November 24, 2013, anticipated future expenses, and a breach of contract fee. No defendant paid the invoice.

Plaintiff filed his first complaint in Onslow County Superior Court on August 12, 2013. [*Kelley v. Enviva, LP,* No. 7:13-CV-197-BO (E.D.N.C.)]. Defendants removed the case to this Court and filed a motion to dismiss due to, *inter alia*, insufficiency of process and service of process. After giving plaintiff time to perfect service, the Court dismissed plaintiff's first complaint without prejudice on April 1, 2014. Plaintiff then filed the instant lawsuit in Onslow County Superior Court on May 13, 2014. Defendants again removed the case to this Court and again filed a motion to dismiss based on improper service, as well as a motion to dismiss for failure to state a claim under which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Without ruling on the Rule 12(b)(6) motion, the Court found that plaintiff's attempts at service were deficient, but stayed the action so that plaintiff could perfect service by October 10, 2014. On October 3, 2014, plaintiff obtained new summonses for all defendants. Defendant Hintz was served on October 11, 2014.[1]

## DISCUSSION

Before the Court are Defendant Hintz's motion to dismiss based on lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process [DE 32], and a motion to dismiss by all defendants arguing that plaintiff's complaint fails to state a claim upon which relief can be granted. [DE 17].

I.  DEFENDANT HINTZ'S MOTION TO DISMISS FOR IMPROPER SERVICE.

Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff had 120 days from the date of removal to obtain effective service on each defendant. Rule 4(m) states, in pertinent part, that

---

[1] It appears that service was timely made on the other defendants based on plaintiff's proof of service filed with the Court. [DE 31].

2

"[i]f a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time ...." Defendants removed the case from state court to federal court on June 12, 2014. [DE 1]. Accordingly, plaintiff had until October 10, 2014, to obtain effective service on each defendant. Mr. Hintz was not served until October 11, 2014. [DE 31]. Accordingly, the summons had already expired at the time it was served, and dismissal is required. Fed. R. Civ. P. 4(m).

The Court's September 2014 order directing plaintiff to serve defendants prior to the 120-day deadline was clear. Plaintiff waited a week—until October 3—to get new summonses, and did not retain a process server to mail the summons and complaints until October 7. Moreover, plaintiff has had multiple prior opportunities to properly serve defendant. The Court is mindful that plaintiff is pro se, but "[p]ro se status ... is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010). Given that this is plaintiff's third attempt to make proper service, the Court in its discretion declines to extend the time to make service and finds that dismissal of this action against defendant Hintz without prejudice is appropriate.

II.   DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.

All defendants joined in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Specificity is not required; the complaint need only "give the defendant fair notice of

3

what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S at 555 (quotation omitted). To survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints filed by pro se litigants are entitled to liberal construction; however the Court need not accept plaintiff's conclusions, unwarranted inferences, unreasonable conclusions, or arguments. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

A. <u>Proper Parties</u>

In his complaint, plaintiff has not specified which of the defendants should be held liable for each claim. The only signed contract between any of the parties explicitly states Enviva, LP and James A. Kelly, III, as the parties. [DE 1-4 at 25]. Plaintiff has not attached and the complaint does not reference any contracts with the other named defendants. Plaintiff argues that the corporate defendants other than Enviva, LP, are proper parties because he visited their properties and worked at facilities owned by them. Without more, however, plaintiff cannot maintain an independent cause of action against the owner of each site. This is particularly true when the complaint and attached documents show that his contract was with Enviva, LP, plaintiff invoiced Enviva Biomass, LP, and plaintiff's invoices reference a single project. [DE 1-4 at 25, 34-37]. Accordingly, plaintiff has failed to state a claim on which relief can be granted as to Enviva Pellets Ahoskie, LLC, Enviva Pellets Northampton, LLP, Enviva Pellets Southampton, LLC, or Enviva Holdings, LP and the claims against those defendants are dismissed.

Moreover, there is no basis alleged in the complaint upon which to hold defendant Keppler individually liable for the alleged injuries. It is well-established under North Carolina law that "an officer of a corporation is not liable for the torts of the corporation 'merely by virtue of his

4

office.'" *Wolfe v. Wilmington Shipyard, Inc.*, 522 S.E.2d 306, 312–13 (1999) (quoting *United Artists Records, Inc. v. E. Tape Corp.*, 198 S.E.2d 452, 457 (1973)). Plaintiff does not allege that he had any contract with Mr. Keppler nor does the complaint contain allegations that could form the basis for a tort claim against him individually. Mr. Keppler is referenced because he is the "Chairman and CEO for the Defendants," and is referred to only in terms of his day–to–day actions with plaintiff as they pertained to plaintiff's consulting engagement. [DE 1–4 ¶ 26, 29, 45–46]. Plaintiff has not alleged facts sufficient to overcome the presumption against officer liability, and according his claims must be dismissed against defendant Keppler.

B. Breach of Contract Claim

The ICA, which was for a set term of May 7, 2012, through June 30, 2012, contained a choice-of-law provision specifying that New York law governed the contract. All of the work referenced in plaintiff's complaint related to construction located in Virginia. Accordingly, either New York or Virginia law controls plaintiff's breach of contract claim. A detailed choice of law analysis is not required, however, because the result is the same under either state's law.

Plaintiff alleges that a new contract (or contracts) with defendant arose following the expiration of the ICA based on defendants' alleged representation that plaintiff always was to be employed through December 2013. The parol evidence rule, however bars plaintiff's allegations that defendants promised him compensation through December 2013. As applied in New York and Virginia, the parol evidence rule "prohibits the introduction of evidence outside a written agreement for the purpose of varying or adding to such an agreement," especially where, as here, the written agreement includes a merger clause. *Katz v. Am. Technical Indus., Inc.*, 96 A.D.2d 932, 932–33 (N.Y. App. Div. 1983) (citation omitted); *see also Bell, II v. Superintendent of Banks*, 227 A.D.2d 145, 145 (N.Y. App. Div. 1996); *Ott v. L & J Holdings, LLC*, 654 S.E.2d

5

902, 904 (Va. 2008) (requiring "a court to construe a document according to its plain terms if it is clear and unambiguous on its face"). The ICA expressly states a termination date of June 30, 2012. Plaintiff's claims that he had an exclusive contract with Enviva, LP, through December 2013, based on oral discussions not incorporated into the ICA, must be disregarded.

The complaint contains no additional allegations of a fixed time period within which any contract existed other than the dates covered by the ICA. Accordingly, it is well established in both New York and Virginia that plaintiff's relationship with Enviva, LP, became terminable at will after the ICA expired. *See, e.g, Twitchell v. Town of Pittsford*, 106 A.D.2d 903, 904 (N.Y. App. Div. 1984) (explaining that continued dealings following the expiration of a contract neither give rise to a new implied contract nor continue the terms of the expired contract continue); *Miller v. SEVAMP*, 362 S.E.2d 915, 917–18 (Va. 1987) (affirming dismissal where promise of employment as long as organization had "adequate federal funding" was insufficient to rebut presumption of at will employment as a matter of law). Accordingly, no valid contract existed after the ICA's expiration on June 30, 2012. As there can be no breach of contract claim, plaintiff has failed to state a claim upon which relief can be granted, and his claim must be dismissed.

C. Breach of Implied Duty of Good Faith and Fair Dealing Claim

Neither Virginia nor New York law recognizes a stand–alone claim for breach of the implied covenant of good faith and fair dealing. *Derthick v. Bassett-Walker, Inc.*, 904 F. Supp. 510, 521 (W.D. Va. 1995); *MBIA Ins. Corp. v. Royal Bank of Can.*, 28 Misc.3d 1225(A), 2010 WL 3294302, at *43 (N.Y. Sup. Ct. Aug 19, 2010) (2010 WL 3294302). Accordingly, plaintiff's claim for breach of the implied duty of good faith and fair dealing is dismissed.

D. *Quantum Meruit* Claim

Plaintiff's *quantum meruit* and tort claims are governed by North Carolina law, as that is where plaintiff resides and where the alleged injury accord. *Hensley v. Nat'l Freight Transp., Inc.*, 668 S.E.2d 349, 351 (N.C. Ct. App. 2008) (explaining that North Carolina follows the *lex loci delicti* rule for choice of law in tort claims. In order to state a *quantum meruit* claim, plaintiff must allege that (1) services were rendered to defendant; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously. *Scheerer v. Fisher*, 688 S.E.2d 472, 476 (N.C. Ct. App. 2010).

Plaintiff's claimed damages are based on the period after he was terminated and consist of his anticipated fees for work and expenses plus a "termination" fee. [DE 1–4 at 33, 37]. In his reply, plaintiff attempts to rewrite his *quantum meruit* claim to recover allegedly deferred compensation, but the invoices attached to plaintiff's complaint demonstrate that plaintiff was paid for the work he performed up to his termination date of January 26, 2013. [DE 1–4 at 34]. Plaintiff's complaint does not allege that he provided any services to defendant or that defendant accepted any services following his termination. Accordingly, plaintiff has failed to state a claim under a *quantum meruit* theory, and his claim must be dismissed.

E. Fraud and Unfair and Deceptive Trade Practices Act (UDTPA) Claims

Plaintiff's fraud claim is based on defendant allegedly providing plaintiff with inaccurate "financial and corporate information" about Enviva, LP "in order to induce the Plaintiff into long term contracts commitments exclusively to the Defendants for their benefit to the detriment of the Plaintiff." [DE 1–4 at ¶ 96]. Plaintiff's alleged detriment is the termination of his employment and resultant loss of future income.

7

A showing that defendant proximately caused plaintiff's damages is an essential element of a fraud claim. *Self v. Yelton*, 688 SE. 2d 34, 38 (N.C. Ct. App. 2010). "[B]efore holding a defendant liable for an injury to a plaintiff, it must be shown that defendant's actions were substantial factor of the particular injuries for which plaintiff seeks recovery." *Id.* (internal quotation and citation omitted). In the complaint, plaintiff asserts no connection between the alleged financial misrepresentations and the termination of plaintiff's employment. The complaint in fact alleges that plaintiff was terminated after a meeting in which "verbal tempers . . . generally flaired [sic]." [DE 1–4 at ¶ 52]. Because plaintiff has made no showing that defendant proximately caused his damages, plaintiff fails to state a common law fraud claim.

Plaintiff's UDTPA claim likewise fails, as it is premised on his fraud claim, and proximate cause is a required element of a UDTPA claim. *Nucor Corp. v. Prudential Equity Grp., LLC*, 659 S.E.2d 483, 488 (N.C. Ct. App. 2008). Accordingly, plaintiff's fraud and UDTPA claims must be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are hereby GRANTED. Plaintiff's claims against defendant Hintz are DISMISSED WITHOUT PREJUDICE, while plaintiff's claims against the remaining defendants are DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED, this ___ day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE